UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

INVESTMENT ASSETS ADVISORY, LLC.
Petitioner

v. Civil Action No.: 6:19-cv-01814

BRANNON P. MCPHERSON,
Respondent.
_______________________________/

**PETITION FOR STAY OF FINRA ARBITRATION IN DENVER AND ORDER COMPELLING FINRA ARBITRATION IN ORLANDO**

Petitioner, International Assets Advisory, LLC ("IAA), pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, petitions the Court to issue an order (1) compelling arbitration of the disputes between it and Respondent Brannon P. McPherson ("McPherson") in Orlando, Florida ("Orlando") in accordance with the terms of the parties' written arbitration agreement, and (2) staying the arbitration currently pending in Denver, Colorado ("Denver").

**THE PARTIES**

1. Petitioner, IAA, is a Florida corporation with its principal place of business located at 390 North Orange Avenue in Orlando. IAA is a securities broker-dealer and a member of the Financial Industry Regulatory Authority ("FINRA"), a securities industry self-regulatory organization.

2. Respondent, Brannon P. McPherson, is a resident of Colorado, and was associated with IAA as a Registered Representative from May 4, 2016 until March 14, 2019.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 because the action involves claims under the Securities Exchange Act of 1934. See *Goldman Sachs & Co. v. Golden Empire Schools Financing Authority,* 764 F.3rd 210 (2d Cir. 2014). It also has jurisdiction under 28 U.S.C. §1332 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in the Middle District of Florida pursuant to 9 U.S.C. § 4 because the arbitration agreement at issue contains a forum selection clause that requires the location of the arbitration to be in Orlando, and "where the arbitration agreement contains a forum selection clause, only the district court *in that forum* can issue a § 4 order compelling arbitration." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer,* 49 F.3d 323, 327 (7th Cir. 1995) (emphasis added).

5. This Court has personal jurisdiction over McPherson because the operative written agreements between him and IAA provide that any controversy or claim arising out of or relating to the agreements shall be settled by FINRA arbitration in Orlando.

## FACTUAL BACKGROUND

6. McPherson's association and tenure with IAA is set forth in two separate contracts, the first is an Independent Contractor Agreement dated June 13, 2016 ("Contract A") and the subsequent one, titled International Assets Advisory, LLC Independent

Contractor Agreement, is dated August 20, 2018 ("Contract B").[1] Contract A and Contract B (collectively referred to as the "Contracts") are attached hereto as Exhibits "A" and "B" respectively.[2] Pursuant to both Contract A and B, McPherson, a licensed securities broker, agreed to conduct business as a securities broker "solely through [IAA] and shall utilize [IAA] for the processing of all orders for the purchase and sale of all financial products and instruments, including securities…." See ¶ 1(a) of Contract B. He operated from a branch office located in Denver, as authorized by IAA.

7. Contract B requires that McPherson comply with all rules and regulations promulgated by the regulatory authorities and IAA's Written Supervisory Procedures. See ¶¶ 5 and 6 of Contract B.

8. On or about March 12, 2019, IAA terminated McPherson. As required by FINRA rules, IAA reported McPherson's termination and the reason for the termination to FINRA. McPherson's BrokerCheck record reflects the reason for the termination, that IAA "began an internal investigation which uncovered documentation that Mr. McPherson may have engaged in unapproved Private Securities Transactions and unapproved Outside Business Activities." McPherson's current BrokerCheck record is attached as Exhibit "C".

---

[1] Contract A provides that [a]ny controversy or claim arising out of, or relating to, this agreement shall be settled by FINRA arbitration in Orlando, Florida…." ¶ 19h of Contract A. Contract B also contains a similar provision providing that "[a]ny dispute, claim or controversy arising out of, or relating to, this Agreement, or the interpretation hereof, shall be settled by arbitration under the then prevailing rules of FINRA in Orlando, Florida…." See ¶ 16 of Contract B. Many of the provisions of the two contracts are the same except where as noted herein.

[2] Contract B is the operative agreement because it supersedes Contract A and was in effect at the time of McPherson's termination by IAA.

9. On or about April 1, 2019 McPherson filed a Statement of Claim (the "SOC") against IAA with the West Regional Office of the FINRA Office of Dispute Resolution in Los Angeles California requesting a hearing location in Denver.[3] In the SOC, McPherson asserts claims for defamation and breach of contract among other things relating to his termination by IAA. He requests damages of not less than $500,000.

10. McPherson's claims sounding in contract arise out of and relate to the Contracts. Hence, there can be no doubt that he has chosen to enforce his rights under the contract and further recognizes the validity of the Contracts. He should not be permitted to enforce certain provisions of his contract with IAA while ignoring others, such as the venue provision mandating arbitration in Orlando.

11. Prior to composition of a three member arbitration panel, on June 4, 2019, IAA filed a Motion a Motion to Change Hearing Location (the "Motion") with the FINRA Case Administrator asserting that the contract between it and McPherson should be enforced according to its unambiguous requirement to resolve any dispute between them by arbitration under the then prevailing rules of FINRA in Orlando.

12. On June 26, 2019, prior to the due date for IAA's answer to McPherson's Statement of Claim, FINRA's Case Administrator denied the Motion (the "Administrative Order") and expressly permitted IAA to re-raise the issue to the arbitration panel. A copy of the Administrative Order is attached hereto as Exhibit "D".

[3] The FINRA arbitration case is styled *McPherson v. International Assets Advisory*, Case Number 19-00888 (the "IAA Arbitration").

13. Shortly thereafter, FINRA chose a three member panel to preside over the arbitration at a hearing to be conducted in Denver (the "Panel").

14. On August 2, 2019, IAA filed its Answer to McPherson's Amended Statement of Claim denying his allegations. Along with its Answer, IAA filed multiple counterclaims against McPherson including a breach of the parties' contract, fraud, breach of fiduciary duty, interference with business relations, and defamation stemming from McPherson's concerted attempts to conceal his participation in a private securities transaction and outside business activity without IAA's consent.

15. Pursuant to the right granted to IAA by the Administrative Order, IAA filed a motion with the Panel for a Change of Venue on August 8, 2019 (the "Venue Motion") arguing that (1) it was burdensome and prejudicial for IAA to arbitrate in Denver based on the fact that the majority of its senior management, all of whom are located in Orlando, were likely to be witnesses at the arbitration thereby significantly interfering with IAA's ability to conduct day to day business during the pendency of the seven day hearing, (2) records were located in Orlando, and (3) the Contracts mandating Orlando as the venue for resolution of the arbitration should be enforced.

16. On August 28, 2019, the Panel issued a denial of IAA's Venue Motion the result of which is that the arbitration would be conducted in Denver. The Order explained that "[t]he panel denies Respondent's Motion to the Panel for a Change of Venue dated 8-8-19 after conferring and reviewing the parties' pleadings and attachments and reviewing FINRA Regulatory Notice 16-25." A copy of the Order is attached as Exhibit "E".

17. The preamble to FINRA Regulatory Notice 16-25 "reminds member firms that FINRA rules do not permit member firms to require associated persons to waive their right to arbitration under FINRA's rules in a pre-dispute agreement." A copy of Regulatory Notice 16-25 is attached as Exhibit "F". The primary support for the portions of Regulatory Notice 16-25 pertaining to associated persons is FINRA Rule 13200 of the Code of Arbitration Procedure. Rule 13200 provides that member firms and associated persons must arbitrate certain of their disputes, as follows:

> **(a) Generally**
>
> Except as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among:
>
> - Members;
> - Members and Associated Persons; or
> - Associated Persons.

Rule 13200 unambiguously relates to arbitration of a dispute between a member firm, such as IAA, and an associated person, such as McPherson. Without doubt, Regulatory Notice 16-25 requires arbitration as the sole forum to resolve disputes between member firms and associated persons and prohibits a waiver of arbitration provision in a contract between them.

18. IAA does not and has not contested resolution of McPherson's SOC and IAA's counterclaims through FINRA arbitration. The controversy centers on the location for the arbitration.

19. FINRA Regulatory Notice 16-25 is silent on the issue of whether parties are free to decide on a location for the arbitration. Location for the arbitration is irrelevant to

accomplish the purpose of Regulatory Notice 16-25. Whether the arbitration is conducted at the FINRA Office of Dispute Resolution in its east coast or west coast offices or somewhere else is not the goal of Regulatory Notice 16-25 and the parties are contractually permitted to determine the location of the arbitration.

20. There are no rules in the FINRA Code of Arbitration Procedure prohibiting parties to a contract from choosing the venue for arbitration of their disputes. The only rule relating to venue is Rule 13213(a)(2) of the FINRA Code of Arbitration Procedure for Industry Disputes and it provides that "[b]efore arbitrator lists are sent to the parties under Rule 13403, the parties may agree in writing to a hearing location other than the one selected by the Director."

21. Post-filing, McPherson refused to agree to move the IAA Arbitration from his self-selected choice of Denver, presumably relying on Rule 13213(a)(2) as a shield to prevent arbitration in Orlando. Nothing in that Rule is intended to override the parties' prior written agreement on venue.

22. The Panel in the IAA Arbitration misapplied Regulatory Notice 16-25 by denying IAA's Venue Motion. In doing so, the Order enables McPherson to willfully ignore his Contract with IAA and to use Rule 13213(a)(2) in an unauthorized manner. The Panel conferred an unwarranted benefit on McPherson who unilaterally chose venue in Denver rather than Orlando, the agreed-upon location for the arbitration specified in the Contracts. As a result, the Panel's Order arbitrarily eviscerated IAA's bargained for contractual right to have the arbitration conducted in Orlando.

23. IAA files this Petition after exhausting its remedies with FINRA Office of Dispute Resolution. It is timely because the IAA Arbitration is in its beginning stages with hearings scheduled to commence on August 17, 2020.

24. The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), authorizes this Court to order arbitration in Orlando and to stay arbitration in Denver. The FAA provides in relevant part that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement. . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.

See 9 U.S.C. § 4.

25. Enforcement of a forum selection clause is a "gateway dispute," and under 9 U.S.C. § 4, Congress has given federal district courts "jurisdiction to enforce a forum selection clause in a valid arbitration agreement that has been disregarded by the arbitrators." *Linsco/Private Ledger Corp. v. Maurice,* No. 3:07-0183, 2007 WL 869720, *3 (M.D. Tenn. 2007) at 7.

26. In addition, the FAA's grant of power authorizes District Courts to enjoin arbitration proceedings conducted contrary to the terms of an arbitration agreement:

> The Act expressly provides federal courts with the power to order parties to a dispute to proceed to arbitration where arbitration is called for by the contract… To allow a federal court to enjoin an arbitration proceeding which is not called for by the contract interferes with neither the letter nor the spirit of this law. Rather, to enjoin a party from arbitrating where an

> agreement to arbitrate is absent is the concomitant of the power to compel arbitration where it is present.

*Societe Generale de Surveillance, S.A. v. Raytheon European Management and Systems Co.*, 643 F.2d 863, 868 (1st Cir. 1981).

27. Courts have consistently recognized the *prima facie* validity of forum selection clauses and that these clauses must be enforced unless there are grounds for revocation of the agreement. *See Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12, 92 S.Ct.1907, 32 L.Ed.2d 513 (1972); *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 519 & n. 14, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974); *Carnival Cruise Lines, Inc. v. Eulala Shute*, 499 U.S. 585, 593-595, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

28. IAA does not ask this Court to resolve the substantive dispute between IAA and McPherson as set forth in McPherson's SOC and IAA's Answer and Counterclaim. The substantive dispute shall be resolved in a FINRA arbitration. IAA requests that this Court restore its contracted-for right to have the arbitration take place in Orlando and find that Regulatory Notice 16-25, relied on by the Panel, is inapplicable to venue.

**RELIEF REQUESTED**

For the foregoing reasons, IAA respectfully requests that this Court enter an order compelling arbitration in Orlando in accordance with the terms of the parties' written contract and to stay *McPherson v. International Assets Advisory, LLC,* FINRA Dispute Resolution Case No. 19-00888 currently pending in the West Regional Office of FINRA. IAA also respectfully requests that the Court grant it the attorneys' fees and costs incurred in this action, and such additional relief as the Court deems appropriate.

Respectfully submitted this 19th day of September 2019.

*/s/ Myra P. Nicholson*
Myra Nicholson, Esq.
Florida Bar No. 710024
Email: mnicholson@iaac.com
390 North Orange Avenue, Suite 750
Orlando, Florida 32801
Telephone: 407-254-1582

*Counsel for Petitioner*